IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-84 |
| | ) | (PHILLIPS/SHIRLEY) |
| v. | ) | |
| | ) | |
| MICHAEL J. TUTT, | ) | |
| DANIEL MIKLEJOHN MOORE, and | ) | |
| CLINTON H. DUBOSE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the undersigned pursuant to the provisions of 28 U.S.C. §636(b), the Rules of this Court, and by Order [Doc. 32] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of defendant Moore's Motion for a Continuance of Trial. [Doc. 29][1] This cause came before the undersigned on December 17, 2007, for a hearing on the instant motion. Assistant United States Attorneys Brownlow Marsh and David Lewen were present representing the government. Attorney Donald Coffey was present representing Defendant Tutt, attorney Kim Tollison was present representing Defendant Dubose, and attorney Sidney Moore, Jr. was present representing Defendant Moore.

At the hearing, attorney Moore stated that additional time would be needed to prepare for trial and to explore the possibility of a plea agreement. Attorney Moore also indicated that there was one outstanding discovery issue which also necessitated the continuance. Defendants Tutt and

---

[1]Defendant Moore's Motion to Strike [Doc. 30] is also before the Court, but the Court has taken that matter under advisement and will issue a ruling in due course.

1

DuBose joined in the motion, indicating they would also need more time to prepare for trial and to explore the possibility of a plea agreement. The parties requested a continuance of approximately two months.

Accordingly, the Court finds that a continuance of the trial date is necessary to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, as well as to allow the parties to maintain continuity of counsel, 18 U.S.C. 3161(h)(8)(B), and further finds that the ends of justice served by continuing this matter outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that if this matter were not continued a miscarriage of justice would occur. 18 U.S.C. § 3161(h)(8)(B)(I). Accordingly, the Court **ORDERS** that this matter be continued. The Court also notes that the excludable time attributable to one defendant is attributable all co-defendants. United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007).

In light of these findings and its continuance of this matter, the Court set a new trial date of **February 20, 2008**. The Court also finds, and the parties agreed, that all the time between the December 17, 2007, hearing and the new trial date of February 20, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:


    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge