IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 3:07-CR-84 |
| | ) | (PHILLIPS/SHIRLEY) |
| v. | ) ) | |
| MICHAEL J. TUTT, DANIEL MIKLEJOHN MOORE, and CLINTON H. DUBOSE, | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to the provisions of 28 U.S.C. §636(b), the Rules of this Court, and by Order [Doc. 32] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of defendant Moore's Motion to Strike or to Amend Count One of the Indictment. [Doc. 30] This cause came before the undersigned on December 17, 2007, for a hearing on the instant motion. Assistant United States Attorneys Brownlow Marsh and David Lewen were present representing the government. Attorney Donald Coffey was present representing Defendant Tutt, attorney Kim Tollison was present representing Defendant Dubose, and attorney Sidney Moore, Jr. was present representing Defendant Moore.

Defendant Moore moves the Court to strike Count One of the Indictment, or, in the alternative, to direct the government to amend Count One. Count One charges as follows:

> The Grand Jury charges that beginning in or about April, 2006, and continuing until April 11, 2006, in the Eastern District of Tennessee, the defendants, MICHAEL J. TUTT, DANIEL MIKLEJOHN MOORE and CLINTON H. DUBOSE and others known and unknown to the grand jury, did combine, conspire, confederate and

1

> agree to knowingly, intentionally and without authority violate Title 21, United States Code, Section 841(a)(1); that is, to distribute, and possess with intent to distribute: (1) five hundred grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride a Schedule II controlled substance; and (2) a mixture and substance containing a detectable amount of marijuana.
> [21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) and 841(b)(1)(D)].

[Doc. 3] Defendant Moore contends that the by charging him with a conspiracy both to distribute cocaine and to distribute marijuana, that there is a chance that he might be punished more harshly than he should because the jury might find only a conspiracy to distribute marijuana and not a conspiracy to distribute cocaine. The government opposes the motion, arguing that the defendant's concerns can be alleviated through the use of a special jury verdict form. [Doc. 33]

In addressing the issue of whether a conspiracy charge should be brought as a single charge or multiple charges, the Sixth Circuit has held that

> [t]he yardstick in determining whether there is duplicity is or multiplicity is whether one offense or separate offenses are charged, and . . . this is a difficult and subtle question. However, "the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'the conspiracy is the crime, and that is one, however diverse its objects.'" An indictment does not charge multiple conspiracies if there is "one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy."

United States v. Kelley, 461 F.3d 817, 830 (6th Cir. 2006) (citations omitted). The Sixth Circuit has further held that "whether a single conspiracy or multiple conspiracies have been shown is a question of fact resolved by the jury," and that "[i]f an indictment alleges one conspiracy, but the evidence can reasonably be construed only as supporting a finding of multiple conspiracies, the resulting variance between the indictment and the proof is reversible error if the appellant can show that he was prejudiced thereby." United States v. Mayweather, No. 94-1414, 1995 U.S. App. LEXIS

2

15395, at *13 (6th Cir. June 16, 1995) (citations omitted). Finally, the Sixth Circuit has also held that in instances where the facts would support only one conspiracy to commit multiple criminal acts, that an indictment would be "defective [if] the government attempted to charge multiple violations of the conspiracy statute." Beckman v. United States, 890 F.2d 416 (6th Cir. 1989).

In the instant case, count one charges the defendants with one conspiracy to commit multiple crimes, the distribution of cocaine and the distribution of marijuana. Thus, the Court must assume that the government is proceeding under the theory that the named defendants formed one conspiracy to commit multiple crimes, and therefore that it would be error to charge the defendants with two conspiracies. If the evidence presented at trial does not support such a theory, then that is an issue that the defendants must raise at that time. Accordingly, the defendant's motion [Doc. 30] is hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge